**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOSEPH PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | No. 3:24-cv-02111-SMY |
| | ) | |
| PISTON AVIATION, LLC and JOSEPH ORD, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' DISPUTED MOTION TO COMPEL PRODUCTION OF FEDERAL
TAX RETURNS OF PLAINTIFF JOSEPH PRUITT**

Defendants, Piston Aviation, LLC and Joseph Ord ("Defendants"), pursuant to Federal Rule of Civil Procedure 37, respectfully move this Court for an order compelling Plaintiff, Joseph Pruitt ("Plaintiff"), to produce his personal federal and state income tax returns, as well as the tax returns of Pruitt Mechanical Services LLC, for the years 2021–2024, responsive to Defendants' Second Set of Requests for Production Nos. 4 and 5. In support, Defendants state as follows:

**FACTUAL BACKGROUND**

1.    This case arises out of a March 4, 2024, incident at Defendants' leased premises in East Alton, Illinois which was undergoing renovations. Plaintiff, an electrical contractor and owner of Pruitt Mechanical Services, LLC, was on the premises with Pruitt employees performing electrical work when he fell into an open crawl space hatch.

2.    Plaintiff alleges sustaining physical injuries to his right arm, requiring surgery, and producing numbness and pain in his dominant hand and forearm.

3.    As noted more specifically below, Plaintiff was deposed on June 12, 2025, and testified that his injuries have impacted his ability to operate his business, Pruitt Mechanical.

55580\326135606.v2

4.      On July 25, 2025, Defendants served their Second Set of Requests for Production of Documents, including RFP No. 4, seeking Plaintiff's complete federal and state income tax returns, and RFP No. 5, seeking the same for his business, Pruitt Mechanical Services LLC.

5.      On August 21, 2025, Plaintiff objected to both requests, asserting they are "irrelevant" on the grounds that he is not pursuing a "wage loss or business loss claim". Plaintiff did not produce any responsive documents for these requests. *See* Plaintiff's Responses to Defendants' Second Set of Request for Production, attached hereto as Exhibit A.

6.      On Tuesday, August 26, 2025, at 11:00 a.m., counsel conducted a meet and confer by telephone to attempt to resolve this dispute. Despite good-faith efforts, the parties reached an impasse. *See* Email Exchange attached hereto as Exhibit B.

## **LEGAL STANDARD**

Rule 26(b)(1) allows discovery of any nonprivileged matter "relevant to any party's claim or defense and proportional to the needs of the case." Relevance under Rule 26 is broadly construed, even broader than admissibility under the Federal Rules of Evidence. *Jackson v. N'Genuity Enters. Co.*, No. 09 C 6010 (N.D. Ill. Nov. 29, 2010).

Courts in this circuit routinely compel tax returns where a plaintiff places income, business operations, or ability to work at issue. *Parks v. Miller*, 2020 U.S. Dist. LEXIS 261227 (C.D. Ill. 2020); *Davis v. Marion Cnty. Superior Ct. Juv. Det. Ctr.*, 2025 U.S. Dist. LEXIS 151117 (S.D. Ind. 2025).  The Seventh Circuit has also held that tax returns are not privileged and that no heightened showing is required for their production. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992); *Johnson v. Soo Line R.R. Co.*, 2019 U.S. Dist. LEXIS 146051, No. 17 C 7828 (N.D. Ill. Aug. 27, 2019).

2

## <u>ARGUMENT</u>

It is undisputed that Plaintiff has not asserted a wage loss, or business loss, arising from the subject incident.  But the lack of those claims does not render production of tax returns for Plaintiff, or his business, irrelevant.  This is because Plaintiff testified at deposition that the injuries he suffered have impacted all aspects of his life, including his ability to operate and manage his business, Pruitt Mechanical.  For example, Plaintiff testified as follows:

Q:    With regards to the business that you run – has it affected your business or your ability to, you know, have jobs?

A:    It has. It has.

Q:    How so?

A:    I mean, I'm the front face of my company, so if you want something done, you're going to see me first.  I'm pretty good at what I do.  I'm a pretty good people person. If I can't get out there for whatever reason, if I have to send somebody else – right?  I do the sales, if you want to call it sales.  The consults.  [*See* Pruitt Dep. attached hereto as Exhibit C, p. 104:9-22].

Plaintiff also testified that his injuries have caused his business to lose jobs, and impacted his business's ability to maintain jobs, as follows:

Q:    Have you lost jobs as a result of this injury?

A:    That's a hard question to answer.  I would feel like yes.  You know, it's been pretty extensive going on, whether it be just someone pissed off because I wasn't there to manage properly or – you know, yes, I would say yes.

3

55580\326135606.v2

> Q:      How many jobs would you say this injury has affected your ability to – your company's ability to get or maintain?
>
> A:      To maintain, probably almost every job. I mean, you know, I'm – I'm the – the operator.  I'm the manager. I run the thing. Well, I did. But that's a hard number to put onto. I mean, I would be speculating if I told you a number. [Ex. C., p. 105:10-24].

The tax returns for Plaintiff, and his business, prior to and after the incident, are relevant to the issue of whether Plaintiff was able to physically function and run his business, at the same level of profitability, after the incident as it was prior.  According to his testimony, he was not. Evidence as to whether Plaintiff has continued to run a successful and profitable business is directly relevant to his claims of personal injury and his ability to physically function – which he claims was, and continues to be, significantly impacted by his injuries.  Plaintiff's personal and business tax returns are also relevant to issues of credibility, and whether the testimony provided by Plaintiff regarding the impact his injuries caused to his business is supported by objective evidence.

Courts in this Circuit consistently recognize that tax returns are not privileged and may be compelled under Rule 26. *See Jackson v. N'Genuity Enters. Co.,* No. 09 C 6010 (N.D. Ill. Nov. 29, 2010) (ordering production of tax returns where they were relevant to claims and defenses and rejecting any "compelling need" requirement). Similarly, in *Parks v. Miller*, the court compelled tax returns over relevancy objections, explaining that Rule 26 does not require the documents to address a "central issue" so long as they are reasonably calculated to lead to admissible evidence. 2020 U.S. Dist. LEXIS 261227 (C.D. Ill. 2020). More recently, the court in *Davis v. Marion Cnty. Superior Ct. Juv. Det. Ctr.,* compelled production of tax records where the plaintiff alleged that

4

injuries impaired her ability to function and work, finding the returns directly relevant to the credibility of those claims. 2025 U.S. Dist. LEXIS 151117 (S.D. Ind. 2025).

The Seventh Circuit itself has confirmed that tax returns are "not privileged" and that no heightened showing is required. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992); *Johnson v. Soo Line R.R. Co.*, 2019 U.S. Dist. LEXIS 146051, No. 17 C 7828 (N.D. Ill. Aug. 27, 2019) (holding that a party seeking tax returns need only meet the low threshold of relevance under Rule 26).

Defendants seek only four years of returns (2021–2024), limited to Plaintiff and his business, and only as to RFP Nos. 4 and 5. The information cannot be obtained from any alternative source and is relevant to evaluating Plaintiff's damages claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court compel Plaintiff to produce:

1.     His complete federal and state income tax returns, including all schedules, W-2s, 1099s, and supporting documents, for the years 2021–2024; and

2.     The complete federal and state income tax returns of Pruitt Mechanical Services LLC, including all schedules, profit and loss statements, balance sheets, and supporting documents, for the same years.

Dated: September 4, 2025

Respectfully Submitted,

**HINSHAW & CULBERTSON LLP**

*/s/ Gregory M. Emry*
Gregory M. Emry

Paula L. Wegman #6239491
pwegman@hinshawlaw.com
Gregory M. Emry #6329646

5

55580\326135606.v2

gemry@hinshawlaw.com
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL  60606
Tel: (312) 704-3000
Fax: (312) 704-3001

*Attorneys for Defendants*
*Piston Aviation LLC and Joseph Ord*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 4, 2025, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record listed below via electronic delivery.

Lanny Darr
Darr Firm
307 Henry Street, Suite 406
Alton, IL 62002
ldarr@darrfirm.com
kimberly@darrfirm.com

**Counsel for Plaintiff**

*/s/ Gregory M. Emry*
Gregory M. Emry

6